IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                  **CRIMINAL NO. 1:20CR77-LG-JCG-1**
                                                    **CIVIL NO. 1:22CV236-LG**

**MONTRECUS JAWORSKI**
**CAMPBELL**

**MEMORANDUM OPINION AND ORDER DENYING MOTION**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**BEFORE THE COURT** is Montrecus Jaworski Campbell's [50] Motion

Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody.  Campbell's former attorney, James Bailey Halliday, Jr., and the

Government have filed responses in opposition to the Motion.  After reviewing the

submissions of the parties, the record in this matter, and the applicable law, the

Court finds that Campbell's Motion should be denied.

## BACKGROUND

Campbell pled guilty to one count of conspiracy to possess with intent to

distribute 500 grams or more of methamphetamine.  He was sentenced to 262

months of imprisonment and five years of supervised release.  (J., ECF No. 35).  He

filed a pro se [36] Notice of Appeal on March 18, 2021.  Mr. Halliday was allowed to

withdraw as counsel, and Steven N. Eckert was substituted as counsel.  Mr. Eckert

filed an Anders brief and a Motion to Withdraw as Counsel with the Court of

Appeals on July 21, 2021.  On two occasions, Campbell requested and received

additional time to respond to the Anders brief, but he never filed a response.

Instead, he filed a Motion for Direct Appeal and to Appoint Counsel with this Court, which were denied on the basis that Campbell's appeal was pending and counsel had previously been appointed.  In an opinion dated March 3, 2022, the Court of Appeals granted Mr. Eckert's Motion to Withdraw and dismissed Campbell's appeal because there were no nonfrivolous issues for appellate review.  (Op., ECF No. 48).

On September 6, 2022, Campbell filed the present § 2255 Motion, arguing: (1) the base offense level calculation was incorrect; (2) counsel did not investigate other parties to the conspiracy as well as other facts upon which the indictment was based; (3) counsel was ineffective for failing to raise an objection to the sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) Campbell was not informed that he could appeal his guilty plea and sentence; (5) he was "induced and/or manipulated to accept a plea of [g]uilty"; (6) he was denied his right to appeal because Mr. Eckert filed an Anders brief; (7) the court misapplied the sentence enhancement for a drug trafficking offense; (8) the court erred by imposing the statutory mandatory minimum sentence; and (9) he is innocent of the crime for which he was convicted.

## DISCUSSION

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under . . . § 2255 is reserved for transgressions of

constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

## I. WHETHER CAMPBELL'S PLEA WAS KNOWING AND VOLUNTARY

The Court will first address Campbell's statement that he was "induced and/or manipulated to accept a plea of guilty." (Def.'s Mem. at 3, ECF No. 51). Campbell has not provided any information or argument supporting this claim; this was merely a stray comment made while he was discussing Mr. Eckert's filing of an Anders brief. During his change of plea hearing, Campbell testified under oath that no one had made any offers, promises, or inducements, other than the plea agreement, to persuade him to plead guilty. (Tr. at 11, ECF No. 44). He also denied that anyone had forced him, threatened him, or attempted to coerce him to cause him to plead guilty. (*Id.*)

"Solemn declarations in open court carry a strong presumption of verity." *United States v. Patterson*, 739 F.2d 191, 195 (5th Cir. 1984) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge*, 431 U.S. at 74. After reviewing Campbell's entire testimony given at the change of plea hearing, the Court finds that his guilty plea was knowing and voluntary.

## II. EFFECT OF WAIVERS INCLUDED IN THE PLEA AGREEMENT

When Campbell pled guilty, he waived the right to appeal the conviction and sentence as well as "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under . . . Section 2255." (Plea Agreement at 5, ECF No. 25). Campbell only retained the right to pursue a claim of ineffective assistance of counsel. (*Id.* at 6). "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722 (5th Cir. 2007). Therefore, all of Campbell's arguments raised in his § 2255 petition have been waived, except for his arguments of ineffective assistance of counsel.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS CONCERNING MR. HALLIDAY

To prevail on an ineffective assistance of counsel claim, a defendant must show (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020). Failure to establish either prong of this test defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

To establish deficient performance, a defendant must overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690; *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Counsel's performance is to be accorded "a heavy

measure of deference." *Rivas-Lopez*, 678 F.3d at 357 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)).

To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Supreme Court has defined reasonable probability as "probability sufficient to undermine confidence in the outcome." *Cullen*, 563 U.S. at 170 (quoting *Strickland*, 466 U.S. at 694. It has also explained that "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

In the context of a guilty plea, a defendant must show prejudice by proving that there is a reasonable probability that he "would not have pleaded guilty and would have insisted on going to trial" if not for the attorney's alleged ineffective assistance. *Valdez*, 973 F.3d at 402-03 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). As the Supreme Court has explained:

> Surmounting *Strickland*'s high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas. Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.

*Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (internal citations and quotation marks omitted).

Campbell claims that he was not informed that he could appeal his guilty plea and sentence. Although the Court and Mr. Halliday informed Campbell that he had waived his right to appeal by pleading guilty, Campbell filed a pro se Notice of Appeal. (Tr. at 14-15, ECF No. 44; Am. Ans and Aff. at 2-3, ECF No. 55).

Campbell also argues:

> Wherefore, Counsel for the Petitioner-Defendant caused your Petitioner to enter trial and/or plea of Guilty [a]fter knowing there was no form of mention of when he, your Petitioner[,] allegedly conspired with and/or there exist no evidence that when the UPS truck allegedly brought the contraband, he was not there to receive it. His name could have easily been used to obtain the package. There exists no evidence for such. Counsel knew or should have known such. So, . . . the Petitioner avers that; was [sic] the drugs delivered to him (Personally?) or, did the Defendant deliver them? The Petitioner has no Co-Defendants to establish he conspired with {John Doe}. No one said they actually purchased the alleged drugs from the Defendant. There are many people that use other people[']s addresses when they know that person is not home, then tell the service they are that person.

(Def.'s Mem. at 6-7, ECF No. 51). Meanwhile, the Government tendered into the record the following facts, among others, that it would be prepared to show if the case had gone to trial:

> As the investigation progressed, special agents were able to determine that Mr. Campbell would receive shipments of controlled substances at his home in Louisiana via FedEx from California. Members of the drug trafficking organization traveling from Texas to Mississippi would then pick up the controlled substances from Mr. Campbell before continuing to Mississippi for the distribution.

(Tr. at 18-19). The Court asked Campbell, "[D]o you recall, as stated by the Government, that you did agree with other persons to engage in this conduct?" Campbell responded, "Yes, sir." (*Id.* at 20). Campbell also agreed that the purpose of the agreement was to possess and distribute methamphetamine. (*Id.*) He also

admitted that he entered into that agreement voluntarily on his own behalf and that the scope of the agreement that he entered into was more than 500 grams. (*Id.*)

In addition, Mr. Halliday has testified that he "conducted an extensive review of the significant facts and eyewitnesses and supporting evidence against [Campbell] and discussed with Mr. Campbell this evidence documenting that the Government had proof, beyond a reasonable doubt, that he did and was part of a conspiracy to possess kilograms of methamphetamine with intent to distribute in southern Mississippi as alleged[.]" (Am. Ans. and Aff. at 4, ECF No. 55).

Campbell also claims that Mr. Halliday's miscalculated the amount of drugs that agents found in transit to Campbell's home. Mr. Halliday initially misspoke and stated that the drugs weighed 4.9 kilograms, but he pointed out his error to the Court and noted that the actual weight was 2.9 kilograms. (Tr. at 8, ECF No. 45). Campbell's sentence was not affected by Mr. Halliday's misstatement, which he quickly corrected.

Campbell next argues that Mr. Halliday "never spoke about the total offense level" with him during the plea hearing or the reading of the Presentence Investigation Report (PSR). Mr. Halliday told the Court at the sentencing hearing that he had discussed the PSR extensively with Campbell, that Campbell is very intelligent, and Campbell understood the findings of fact as well as the application of the guidelines. (*Id.* at 4). Mr. Halliday also objected to the base offense level and

the lack of a mitigating role adjustment in the PSR.  (Tr. at 3-4, ECF No. 45).  The Court overruled these objections after considering the parties' arguments.

Campbell's argument that Mr. Halliday was ineffective for failing to raise an objection to the sentence pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not well-taken because his sentence did not exceed the statutory maximum, which was life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).

Campbell argues that Mr. Halliday should have objected to the "uncorroborated hearsay testimony" of a confidential informant, but Halliday did make this objection at the sentencing hearing.  (*Id.* at 6).  Contrary to Campbell's assertions, Mr. Halliday did not state that "he thought that the Government's response was not uncorroborated."  (*See id.* at 7).  A similar statement was actually made by AUSA Jonathan Buckner.  (*Id.*)

As a result, the record demonstrates that Mr. Halliday conducted a thorough investigation of the factual allegations in this case and diligently advocated for Campbell at the sentencing hearing.  Campbell admitted under oath those factual allegations that he now contests.  Campbell has not overcome the strong presumption that Mr. Halliday rendered adequate assistance and exercised reasonable professional judgment, and he has not demonstrated that he suffered prejudice as a result of any alleged ineffective assistance.

**IV.  WHETHER MR. ECKERT'S ANDERS BRIEF CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND/OR DENIED CAMPBELL AN APPEAL**

Mr. Eckert filed an Anders brief on Campbell's behalf, and Campbell chose not to respond to that brief.  The Court of Appeals "concur[red] with counsel's assessment that the appeal present[ed] no nonfrivolous issue for appellate review." (Op. at 2, ECF No. 48).  Campbell waived his right to appeal when he pled guilty, and an attorney does not provide ineffective assistance when he declines "to raise a meritless argument."  *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Campbell's objections to the filing of an Anders brief are not well taken.

**V.  WHETHER CAMPBELL HAS DEMONSTRATED ACTUAL INNOCENCE**

Campbell claims that he was actually innocent of the conspiracy charge.  As explained previously, he admitted at his change of plea hearing that he voluntarily agreed with others to distribute methamphetamine.  He also has not presented any evidence or testimony in his § 2255 Motion that establishes his innocence.

**CONCLUSION**

For the foregoing reasons, Campbell's § 2255 Motion is denied.  The Court has determined that a hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Campbell] is entitled to no relief."  *See* 28 U.S.C. § 2255(b).  To the extent the Court has not specifically addressed the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Montrecus Jaworski Campbell's [50] Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of February, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE